# **CERTIFICATE OF SERVICE**

The undersigned certifies that I caused the attached Response to Debtors' Motion for Sanctions to be served by mailing a copy to each person to whom it is directed, by email to Counsel for Debtors James Magee, and depositing same in the U.S. mail at 29 N. Wacker Drive, Chicago, Illinois 60606, with proper postage prepaid, or via electronic mail as indicated, at or before 5:00 P.M. on  9/15/2020          .


                                           /s/ Diana Perez
                                           Attorney for STUDENT LOAN SOLUTIONS, LLC

MARKOFF LAW LLC
Attorney for STUDENT LOAN SOLUTIONS, LLC
29 N. Wacker Drive # 1010
Chicago, IL  60606
Tel. (312) 698-7300 - Fax.  (312) 698-7399
service@markofflaw.com

**IN THE UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF ILLINOIS (Chicago)**

| | |
|---|---|
| In re the matter of: | CASE NO. 09 - 37631 |
| BRYAN SCHMIDT AND | CHAPTER 7 |
| RHIANNON SCHMIDT | JUDGE GOLDGAR |
| Debtor(s). | |

## <u>CREDITOR STUDENT LOAN SOLUTIONS, LLC RESPONSE TO DEBTORS' MOTION FOR SANCTIONS</u>

NOW COMES STUDENT LOAN SOLUTIONS, LLC, creditor and respondent (hereinafter "Creditor"), by and through its attorneys, Markoff Law LLC, responds to the Debtors' BRYAN SCHMIDT AND RHIANNON SCHMIDT, which is set forth verbatim below, as follows:

1. The subject matter of the Creditor's Motion for Sanctions (hereinafter "Motion") concerns a loan that has been in default since May 2010 where Debtors have failed to make a single payment.

2. On March 12, 2008 Creditor's assignor loaned Debtors $28,510.00 (the "Student Loan") to pay for tuition at Triton College for the Spring academic semester. The Student Loan was memorialized by that certain Education Maximizer Continuing Education Loan (the "Loan Agreement") which Debtors executed on March 4, 2008, a true and complete copy of which is attached hereto as Exhibit A.

3. According to the terms of the Loan Agreement, Debtors were required to repay the loan in monthly installments of $335.54 beginning April 12, 2010 until paid in full, with interest accruing at a rate of 9.993%. *Id.*

4. Debtors defaulted on the account by failing and refusing to make a single payment, which default continues.

5. on October 9, 2009, Defendants filed for Chapter 7 bankruptcy (hereinafter the "Bankruptcy Action") and received a discharge of all dischargeable debts on January 5, 2010. *See* Motion, Ex.1 [Dkt.22 and 23].

6. On July 29, 2019, Creditor sued Debtors for breach of the Loan Agreement in the Circuit Court of Lake County under Case Number 19 AR 561, entitled _ STUDENT LOAN SOLUTIONS, LLC v. BRYAN SCHMIDT AND RHIANNON SCHMIDT (hereinafter the "Underlying Litigation").

7. On December 11, 2019, Debtors filed a Motion to Dismiss the Underlying Litigation on the basis that the Debtors' discharge in the Bankruptcy Action precluded the Underlying Litigation. This motion has not been adjudicated. Nor has any briefing schedule been set.

8. On February 13, 2020, Debtors successfully petitioned to reopen the Bankruptcy Action in order to file a motion for violation of the discharge injunction.

9. Debtors have now filed Motion for Sanctions against Creditor claiming Creditor has violated Section 524(a) of the United States Bankruptcy Code by attempting to collect debt in state court.

## ARGUMENT

### The Creditor Did Not Violate the Discharge Injunction Because the Bankruptcy Action Did Not Discharge the Student Loan as a Matter of Law

10. 11 U.S. Code § 523(a) sets forth the types of debts that are not dischargeable in a bankruptcy action. Pertinent here is §8, which states: "unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for- (A) (i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or (B) any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986 [26 USCS § 221(d)(1)], incurred by a debtor who is an individual;"

11. A tuition account/balance incurred by a student as a result of an educational service provided and accepted by the student, such as the Student Loan does not fall within the statutory exceptions of Section 523(a)(8) because it is not a 'qualified education loan'.

12. In order for a student loan to constitute a "qualified education loan" and be subject to a Chapter 7 discharge, a debtor must affirmatively demonstrate that its repayment would impose undue hardship on the debtor and her dependents by commencing an adversary proceeding in the bankruptcy court where the court makes such a finding. *In Re Engen,* 561 B.R. 523, 531 (Bankr. D. Kan. 2016). If the debtor does not file an adversary proceeding and simply receives a standard discharge under 11 U.S.C. § 727, a student loan will not be discharged.

13. In defining a "student loan" (not subject to discharge), Section 221(d)(1) of the Bankruptcy Code incorporates the Internal Revenue Code's definition: "a qualified education loan incurred solely to pay qualified education expenses, which include costs of attendance at a qualified educational institution." 26 U.S.C.A. Section 221, I.R.C. Section 221(d)(1).

14. Here, the Student Loan meets the Bankruptcy Code's definition of non-dischargeable student loan. The terms of the Loan Agreement are clear that the loan an educational loan within the purview of Section 523(a)(8)(i) of the Bankruptcy Code. Specifically, in executing the Loan Agreement, Debtors affirmed that "the loan is an educational loan" and certified that "it will be used only for costs of attendance at the School." Ex. A, ¶L(12). Debtors further acknowledged that the Student Loan was "subject to the limitation of the dischargeability in bankruptcy contained in Section 523(a) (8) of the United States Bankruptcy Code because either or both of the following apply: a) this loan was made pursuant to a program funded in whole or in part by The Education Recourses Institute, Inc. ("TERI") a non-profit institution, or (b) this is a qualified education loan as defined in the International Revenue Code. This means that if, in the event of bankruptcy, my other debts are discharged, I will probably still have to pay this loan in full." *Id.*

15. Moreover, the Debtors failed to bring an adversary action in the Bankruptcy Action in order to declare the Student Loan dischargeable. Nor did the Bankruptcy Court ever make a finding that the loan's repayment would impose an undue hardship on the Debtors. *See* Bankruptcy Action Docket, generally.

16. Since the Student Loan is non-dischargeable as a matter of law and in fact was not discharged in the Bankruptcy Action, the Creditor was entitled to pursue a claim for breach of the Student Loan Agreement in the Underlying Action. Indeed, the Court in the Underlying Action has never ruled otherwise. Debtors' Motion for sanctions should be denied and these proceedings closed in order for Creditor to resume its prosecution of the Underlying Action.

**WHEREFORE**, STUDENT LOAN SOLUTIONS, LLC prays for an entry of an order as follows:

A. Debtors' Motion for Sanctions is DENIED;
B. Discharge Order of 01/05/2010 to stand, and this case is closed; and
C. Any such other relief as is just and equitable.

    STUDENT LOAN SOLUTIONS, LLC

    By: /s/ Diana Perez
       One of its Attorneys

MARKOFF LAW LLC
Attorneys for STUDENT LOAN SOLUTIONS, LLC
29 N. Wacker Drive # 1010
Chicago, IL  60606
Tel. (312) 698-7300 - Fax.  (312) 698-7399
service@markofflaw.com